# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ETHAN W. MOORE,**

      Petitioner,

v.                                               Case No. 17-CV-817

**LISA YESTES,**
**JON SCHUBERT, and**
**ELIZABETH LEMCKE,**

      Respondents.

## REPORT AND RECOMMENDATION

The petitioner, Ethan W. Moore, is currently under supervision of the Department of Probation and Parole pursuant to a Wisconsin state-court judgment. Petition, ECF No. 1. On June 12, 2017, Mr. Moore filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is in custody in violation of the Constitution or laws or treaties of the United States. *Id*. The matter was randomly assigned to this Court, and Mr. Moore subsequently consented to the full jurisdiction of a magistrate judge. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). However, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case will be reassigned to a District Judge for ruling on this report and recommendation.

Mr. Moore's petition is incomplete. He indicates that the judgment of conviction was entered on June 6, 2016. Petition at 2. Mr. Moore also asserts that

he appealed his judgment of conviction and indicates that he filed his direct state appeal of conviction on June 6, 2016, raising "fourth and six constitutional right violations." Petition at 3. Mr. Moore indicates that his appeal is pending. *Id*. Reviewing the online Wisconsin Circuit Court Access and Wisconsin Court of Appeals records for Mr. Moore, it does appear that Mr. Moore is pursuing some form of relief in both Kenosha County court and the Wisconsin Court of Appeals.[1]

As such, Mr. Moore's habeas petition was prematurely filed. He has not exhausted his available state court remedies. It is improper for the Court to consider Mr. Moore's claims when they have not been exhausted in the state courts. *See* 28 U.S.C. § 2254(b)(1)(A). Moreover, Mr. Moore is not in danger of nearing the expiration of the strict one year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996. *See Rhines v. Weber*, 544 U.S. 269, 274-77 (2005); *see also Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Accordingly, a stay is not warranted in this case as there is no impending danger of expiration of that limitation period.

The Court will therefore recommend that Mr. Moore's habeas petition be dismissed without prejudice. Mr. Moore may re-file a habeas petition, if necessary, after exhaustion of his state court remedies.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that Mr. Moore's petition be **DISMISSED** without prejudice.

---

[1] Records viewed at https://wscca.wicourts.gov and https://wcca.wicourts.gov, searching for Ethan W. Moore on both websites (both last visited 7/11/2017).

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 24th day of August, 2017.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge